IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-02243-CNS-SBP

INNOSPEC INC.,

    Plaintiff,

v.

ANDREW MCBEE;
GULF CHEMICAL INTERNATIONAL CORPORATION;
PETROACTIVE HOLDINGS LLC; and
DOES 1-20,

    Defendants.

## ORDER

    Before the Court is fully briefed Plaintiffs' Motion to Enjoin Prosecution of Second-Filed Action. *See, e.g.,* ECF No. 13. For the following reasons, Plaintiffs' motion is DENIED WITHOUT PREJUDICE. In denying Plaintiffs' motion, the Court presumes familiarity with this case's factual and procedural background.

    The parties' dispute whether the Court should enjoin prosecution of Defendants' lawsuit in the Southern District of Texas. *Compare* ECF No. 13 at 16, *with* ECF No. 19 at 1. Central to this dispute is whether—and how—the first to file rule should be applied. *Compare* ECF No. 13 at 6, *with* ECF No. 19 at 9. Having reviewed the parties' briefs, the Court concludes that it may consider the first to file rule's legal framework and its demands at this procedural stage, and that it may do so prior to addressing any jurisdictional

1

arguments advanced by Defendants. *See, e.g., Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); ECF No. 19 at 5.

The first to file rule imposes a clear order of operations. *First*, consistent with both Fifth Circuit and Tenth Circuit law, the federal district court in which the second lawsuit was filed determines whether issues in the first and second filed cases "substantially overlap." *See Crocs, Inc. v. Cheng's Enters., Inc.*, No. 06–cv–00605–PAB–KMT, 2015 WL 5547389, at *3 (D. Colo. Sept. 21, 2015) ("Courts confronted with the issue have suggested that the proper course is for the second filed court to make the initial determination of whether the two actions substantially overlap." (citation modified)); *Williamson v. United Parcel Serv., Inc.*, Case No. 23–2392–JWB, 2025 WL 2810702, at *2 (D. Kan. Oct. 3, 2025) ("[T]he 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising substantially similar issues against the same party has *previously been filed* in another district court." (citation modified)); *Cadle*, 174 F.3d at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was *last filed* may refuse to hear it if the issues raised by the cases *substantially overlap*." (citation modified)); *Landry's, LLC v. Landry Distilling, Inc.*, Civil Action No. 4:23–CV–01314, 2023 WL 3997162, at *4 (S.D. Tex. May 22, 2023) ("As the *second-filed court*, this Court's limited role is to determine whether there is substantial overlap between the two suits." (citation modified)).

*Second*, following the second filed district court's determination as to whether issues substantially overlap, the first filed district court determines whether the cases should proceed. *See Crocs*, 2015 WL 5547389, at *3 ("If a *second filed court* decides that

2

[substantial overlap] question in the affirmative, it may stay the case, transfer it to the first filed court, or, in rare cases, dismiss the case entirely; *it then falls* to the first filed court to determine whether subsequently filed cases involving substantially similar issues should proceed." (citation modified)); *Jones v. Kleinman*, Civil Action No. 24–00972–BAJ–SDJ, 2025 WL 2582903, at *2 (M.D. La. Sept. 5, 2025) ("*Once* the likelihood of substantial overlap between the two suits has been demonstrated, it is *no longer up to the second filed court* to resolve the question of whether both should be allowed to proceed." (citation modified)).

      Adherence to this order of operations is appropriate and warranted in this case. Thus, once the Texas federal district court—the second filed court—determines whether these two cases substantially overlap, this Court may proceed in its first to file analysis. *See, e.g., Cadle*, 174 F.3d at 603; *Crocs*, 2015 WL 5547389, at *3; *Jones*, 2025 WL 2582903, at *2. This is particularly true here, where the parties have briefed the first to file rule's application in the later filed case. *See, e.g., Gulf Chemical International Corporation et al v. Innospec Inc.*, Case No. 4:25–cv–03388 (S.D. Tex.), ECF No. 14 at 2; *Gulf Chemical*, Case No. 4:25–cv–03388 (S.D. Tex.), ECF No. 16 at 2. Moreover, the Texas federal district court has taken defendants' motion in that case under advisement. *See Gulf Chemical*, Case No. 4:25–cv–03388 (S.D. Tex.), ECF No. 27. Consistent with the first to file rule's operation of operations, and in order to avoid stepping on another federal district court's toes, *see, e.g., Rasmussen v. Burnett*, No. 24–cv–01727–SKC–KAS, 2025 WL 605250, at *5 (D. Colo. Feb. 25, 2025), the Court declines to consider Plaintiffs' arguments without guidance from the Texas federal district court and its ruling

on the pending dismissal motion, which may illuminate for this Court the matter of whether these cases' issues substantially overlap. *See, e.g., Cadle*, 174 F.3d at 603; *Crocs*, 2015 WL 5547389, at *3.

Following the Texas district court's "substantial overlap" determination, the Court may address any first to file arguments the parties elect to advance in light of that determination. *See id.* And in any event, the Court at this time declines Plaintiffs' invitation to enjoin Defendants in this case from proceeding in the second file action. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 815 (10th Cir. 2023) ("[T]he first-to-file rule is a test for determining whether a federal court should *abstain* from exercising jurisdiction . . . not a basis *for enjoining another court* from doing so." (citation modified)); *Ratliff v. Louisiana State*, Civil Action No. 24–2170, 2024 WL 4346513, at *2 (E.D. La. Sept. 30, 2024).

Therefore, and for the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion to Enjoin Prosecution of Second-Filed Action. *See, e.g.,* ECF No. 13. The parties shall file a joint status update within fourteen days of the Texas district court's order on the motion to dismiss pending in that court, submitting the Texas district court's order and setting forth their positions regarding that order's effect on this case. Upon review of the parties' joint status update the Court may, if it deems necessary based on the parties' representations, permit Plaintiffs to refile their motion and set an attendant briefing schedule.

4

DATED this 25th day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge